IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WANDA RIVERA-RIVERA<br><br>      Plaintiff<br>v.<br><br>WAL-MART PUERTO RICO, INC.<br><br>      Defendant | CIVIL NO.<br><br>Re: Age Discrimination in Employment Act; P.R. Law 100 of June, 30, 1959 (Age Discrimination- Retaliation); P.R. Law 80 of May 30, 1976 (Severance Pay)<br><br>TRIAL BY JURY DEMANDED |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff, Wanda Rivera Rivera, through the undersigned counsel, and very respectfully states and prays as follows:

### Nature of Action and Jurisdiction

1.  This action is brought pursuant to the Age Discrimination in Employment Act (hereinafter, "ADEA"), 29 U.S.C. § 621 *et seq.*, Puerto Rico's Law No. 100 of June 30, 1959, 29 L.P.R.A. § 146 *et seq.*, and Puerto Rico's Law No. 80 of May 30, 1976, 29 L.P.R.A. § 185a *et seq.*, and Puerto Rico Law 115 of December 20, 1991, 29 L.PR.A. § 194 *et seq* seeking compensatory, double and liquidated damages, severance pay, back pay, and equitable and injunctive relief to seek redress for defendant's discriminatory and retaliatory unlawful employment termination, and defendant's discriminatory practices against Plaintiff Wanda Rivera Rivera on the basis of age and retaliation for opposing such discriminatory conduct.

2.  This Honorable Court has jurisdiction to entertain this action, pursuant to the ADEA, 29

U.S.C. § 626 (c) (1), the ADAAA, 42 USC § 12203 and under 28 U.S.C. §§ 1331 and 1342 (a) (4).

3. Plaintiff further invokes pendent or supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear Puerto Rico law claims arising from the same nucleus of operative facts. Supplemental jurisdiction of this Honorable Court is invoke to bring state claims pursuant to P.R. Law 100 of June, 30, 1959, 29 L.P.R.A. §§146, et seq.; Puerto Rico Law 44, 1 L.P.R.A. Section 501, et seq.; P.R. Law 80 of May 30, 1976, 29 L.P.R.A. §§ 185, et seq. and Law 115 of December 20, 1991, 29 L.PR.A. § 194 *et seq*.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (a) and (b), because it is where a substantial part of the events or omissions, giving raise to the claim, occurred.

5. On October 14, 2010 Plaintiff filed a timely charge of discrimination on the basis of age and disability before the Puerto Rico Antidiscrimination Unit (PRAU).

6. The hearing before the PRAU was held on January 28, 2011.

7. On the hearing at the PRAU held on January 28, 2011 Plaintiff requested a right to sue letter from the agency.

8. Plaintiff was terminated from her employment with Defendant on February 17, 2011.

9. After her employment termination Plaintiff filed a charge of retaliation before the PRAU against defendant on February 2011.

10. Notices of Right to Sue from the EEOC were issued on May 31, 2011on both of Plaintiff charges and received by her on June 3, 2011.

11. This Complaint is being filed within ninety (90) days of receipt of the EEOC Notification of Right to Sue.

12. Plaintiff demands that all causes of action be tried before a jury.

## The Parties

1. Plaintiff is a citizen of the United States and resident of Bayamon, Puerto Rico.

2. Plaintiff was born on December 23, 1957.

3. At the time of her dismissal from Wal-Mart/Sam's Club, (hereinafter referred to as "Wal-Mart") she was 54 years of age.

4. While working for Wal-Mart Plaintiff was an employee under the provisions of ADEA, 29 U.S.C. § 630 (f), and is within the protected class under ADEA, 29 U.S.C. § 631 (a).

5. While working for Wal-Mart Plaintiff was an employee under the provisions of the ADAAA.

6. The Sam's Club store no. 6680 located in Bayamon, Puerto Rico is wholly owned and operated by Wal-Mart Puerto Rico, Inc.

7. Wal-Mart Puerto Rico, Inc., d/b/a/ Sam's Club is incorporated under the laws of the Commonwealth of Puerto Rico with its principal place of business in Caguas, Puerto Rico.

8. Wal-Mart Puerto Rico, Inc., employed more than 500 employees during any work week from January 1, 2010 to February 11, 2011.

9. Wal-Mart is a "person" within the meaning of 29 U.S.C. § 630(a).

10. Wal-Mart is also an "employer" under the ADEA, 29 U.S.C. § 630(b).

11. Wal-Mart is engaged in an "industry affecting commerce" within the meaning of 29 U.S.C. § 630 (h).

12. Wal-Mart employed more than twenty (20) employees on a daily basis during the

relevant period. See, 29 U.S.C. § 630 (b).

13. Plaintiff worked for Wal-Mart for more than twelve (12) years.

14. Wal-Mart is an employer under the definition provided by Puerto Rico Law No. 100, supra.

15. Wal-Mart is an employer under the definition provided by Puerto Rico Law No. 80, supra.

16. Wal-Mart is an employer under the definition of the ADAAA.

## The Facts

17. Plaintiff repeats and realleges each and every preceding paragraph as if fully set herein.

18. Plaintiff started working for Wal-Mart on November 28, 1998.

19. During her employment with Wal-Mart Plaintiff was assigned mainly to perform supervisory work at Sam's Club Warehouses.

20. On August 2008, Plaintiff was assigned to perform supervisory duties at Sam's Club store no. 6680 located in Bayamon, Puerto Rico.

21. At that time Plaintiff was assigned to work as receiving supervisor at store 6680 warehouse.

22. A couple of months after, on November 2008 Mr. Orlando Claudio became Plaintiff immediate supervisor occupying the position of Manager Support.

23. Immediately after Mr. Claudio began to supervise Plaintiff a pattern of discriminatory treatment ensued against Plaintiff because of her age and health. This pattern included: (1) assigning younger and healthier employees to receive training

excluding her; (2) providing help to other younger and healthier associates to perform their tasks while assigning the same tasks to plaintiff without the necessary help to perform the same; (3) differential treatment in disciplinary measures between her and other younger and healthier employees; (4) changes in shift rotations to benefit other younger and healthier supervisors; (5) making Plaintiff feel excluded from the work team at her department because of her age.

24. The above prompted plaintiff to begin opposing to the above referred pattern and asking Plaintiff's supervisors higher ups to intervene. However, nothing was done to protect Plaintiff.

25. Between April 28, 2009 and April 16, 2010 Plaintiff received three (3) arbitrary and unjustified disciplinary measures which were firmly objected by her and to which she assigned a discriminatory motive on the part of her supervisors, but nothing was done to correct the wrong.

26. Consequently, on October 14, 2010 Plaintiff filed a discrimination charge before the PRAU alleging a continuous pattern of age and disability discrimination against her.

27. On October 28, 2010 Plaintiff received for the first time in her employment at Sam's Club an evaluation that graded her performance at a "below expectations" while other younger employees received better evaluations notwithstanding the fact that Plaintiff had out performed them.

28. Plaintiff vehemently opposed the October 28, 2010 evaluation and openly categorizes it as a retaliatory action against her.

29. On January 2, 2011 Plaintiff inform the PRAU of the negative evaluation received on

October 28, 2010 and required that her original charge be amended to include this event as a pattern of the discriminatory conduct against her and also as retaliatory conduct in violation of the ADAAA and the ADEA.

30. The hearing pertaining to Plaintiff charge of discrimination filed before the PRAU against Wal-Mart was held on January 28, 2011.

31. Wal-Mart was present at the January 28, 2011 hearing.

32. On the hearing at the PRAU held on January 28, 2011 Plaintiff requested a right to sue letter from the agency in order to pursue her claims of discrimination against Wal-Mart before a judicial forum.

33. Plaintiff was terminated from her employment with Defendant on February 17, 2011.

34. On February 18, 2011 Plaintiff filed a charge of retaliation before the PRAU against defendant.

35. Notices of Right to Sue from the EEOC were issued on May 31, 2011 on both of Plaintiff charges and received by her on June 3, 2011.

### First Cause of Action
### Under ADEA for Discrimination Based on Age

36. Plaintiff repeats and realleges each and every preceding paragraph as if fully set herein.

37. Defendant conduct against Plaintiff constitutes discrimination on the basis of age in violation of ADEA.

38. Defendant pattern of discriminatory conduct described above and subsequent discharge of Plaintiff without cause constitutes discrimination on the basis of age in

violation of ADEA.

39. As a proximate result of Defendant discriminatory practices Plaintiff has suffered intensely, has been deprived of her means of livelihood, has suffered economic losses and has been emotionally injured.

40. As a result of Defendant discriminatory practices, Plaintiff lost the salaries she was entitled to.

41. Defendant is liable to Plaintiff for the back pay she would have been entitled had she been maintained in her position. Plaintiff's last annual salary was approximately $25,000.00.

42. The liquidated damages are estimated at this time at no less than $18,000.00 before applying the double award for the punitive damages. This amount continues to increase with the passage of time and will be adjusted accordingly at the time of the trial.

43. Plaintiff's dismissal was the culmination of Defendant discriminatory practices against her because of her age.

44. Plaintiff's discharge of employment was a violation of ADEA.

45. Defendant is liable to Plaintiff under this cause of action for all the salaries and fringe benefits that Plaintiff will not earn until the date of trial ("back pay") and for all the salaries that she will not receive in a reasonable future ("front pay"), if reinstatement is not practical.

46. In addition Plaintiff is entitled to reinstatement, and to an order forbidding any further discriminatory practices against her.

47. Defendant also owed Plaintiff all compensatory damages caused by its discriminatory actions which at the present time are calculated in an amount no less than $500,000.00.

48. Defendant discriminatory practices against Plaintiff were malicious and/or carried with reckless indifference towards Plaintiff's rights protected under federal law.

49. Defendant discriminatory conduct constitutes a willful violation of the ADEA and as a result thereof defendant is liable to Plaintiff for liquidated damages

### Second Cause of Action
### Under Puerto Rico Law 100

50. Plaintiff repeats and realleges each and every preceding paragraph as if fully set herein.

51. Defendant discriminatory conduct altered Plaintiff's employment conditions because of Plaintiff's age.

52. Defendant conduct constitutes a willful violation of Puerto Rico Law 100, of June 30, 1959, 29 L.P.R.A. § 146 *et seq.*

53. As an adequate remedy under said statute, defendant liable to Plaintiff for double the amount of back pay, front pay, and compensatory damages.

54. Plaintiff is also entitled to reinstatement as Head Chef at VCH.

55. Under said statute Plaintiff is entitled, in addition to the remedies above mentioned, to double compensatory and statutory damages. As a result thereof, defendant is liable for double compensatory and statutory damages. These damages are estimated at no less than five hundred thousand dollars ($500,000.00), which times two equals one million dollars ($1,000,000.00).

## Third Caused of Action
## Under Puerto Rico Law 80

56. Plaintiff repeats and realleges each and every preceding paragraph as if fully set herein.

57. Defendant actions constituted a termination of employment without just cause.

58. Defendant is liable to Plaintiff pursuant to P.R. Law No. 80, of May 30 1976, as amended, including by P.R. Law 278, of September 15, 2008, 29 L.P.R.A. § 185a *et seq.*, for an amount equal to three (3) months of salaries plus benefits, as defined in the Law, and twenty four (24) additional weeks of compensation, based on the highest earning in any thirty (30) day period within the year prior to the employee's dismissal. Plaintiff's highest earning in a thirty (30) day period within one year prior to her dismissal was Two Thousand Eighty Three Dollars ($2,083.00.) This amounts to a severance pay of approximately Seventeen Thousand One Hundred and Ninety Five Dollars with Forty Cents ($17, 195.40).

## Fourth Cause of Action
## Retaliation

59. Plaintiff repeats and realleges each and every preceding paragraph as if fully set herein.

60. Plaintiff continued to receive discriminatory and retaliatory treatment from defendant in the form of disciplinary actions, negative evaluations, differential treatment in schedules and designation of tasks after she affirmatively opposed defendant illegal actions against her which ended up in her employment termination because of her age and disability internal and external charges of discrimination and retaliation.

Plaintiff.

6) An award of double compensatory damages, back pay, and front pay pursuant to P.R. Law No. 100 which equals one million dollars ($1,000,000.00).

7) In the alternative, severance pay pursuant to Puerto Rico Law No. 80.

8) An award of reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursements.

9) Any other remedy which this Court may deem just and proper.

10) Jury trial is demanded.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 28 day of August 2011.

I hereby certify that on this same date, this document was filed electronically through the CM/ECF System which will send notification to the parties to their registered e-mail addresses.

**UFRET & FRONTERA LAW FIRM**
Capital Center Building
South Tower
Arterial Hostos Ave. #239
Suite 305, San Juan
Puerto Rico 00918-1475
Tel. 787.250.1420
Fax 787.763.3286

s/Juan M. Frontera Suau
**JUAN M. FRONTERA SUAU**
**USDC-PR 214905**